Leave to file is granted.
-4/6/2023

*/s/ Reggie B. Walton*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | )   1:19-cr-158-RBW-1 |
| v. | ) |
| | ) |
| ANDRE DE MOYA, et al., | ) |
| | ) |
| *Defendants.* | ) |

**ANTONIS KARAGOUNIS' MOTION TO QUASH SUBPOENA**

Antonis Karagounis ("Mr. Karagounis"), by and through undersigned counsel, hereby moves this Court to quash the subpoena seeking Mr. Karagounis testimony on behalf of defendant Andre De Moya. Mr. Karagounis will assert a blanket Fifth Amendment privilege against testifying in this proceeding if called to testify.

Mr. Karagounis is not charged with any crimes, nor has he engaged in any criminal behavior. However, the United States has maintained that he has a Fifth Amendment privilege against self-incrimination. The United States has articulated this position to Mr. Karagounis through counsel and to counsel for Mr. De Moya since the charges were initially filed against Mr. De Moya. Further, counsel for Mr. Karagounis has had multiple discussions and engaged in lengthy correspondence with Mr. De Moya's counsel and with the government, including since the start of the instant trial.

Mr. Karagounis Fifth Amendment privilege against self-incrimination outweighs Mr. De Moya's Sixth Amendment Compulsory Process. *See United States v. Reynoso*, 38 F.4th 1083, 1096 (D.C. Cir. 2022). Courts have long acknowledged the Fifth Amendment provision preventing a witness from testifying against himself "must be accorded liberal construction in

favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The privilege is not limited to answers that would directly implicate violation of a federal criminal statute, but extends to answers "which would furnish a link in the chain of evidence need to prosecute the claimant for a federal crime." *Id.* The decision to grant a witness's Fifth Amendment privilege is made by the district judge who "must determine only whether there is a reasonable basis for believing a danger to the witness *might* exist in answering a particular question." *United States v. Thornton*, 733 F.2d 121, 125 (D.C. Cir. 1984).

The district judge may determine a witness has properly invoked their Fifth Amendment privilege without compelling the witness to take the stand. *See United States v. Harrison*, 931 F.2d 65, 71 n.7 (D.C. Cir. 1991). Courts have long recognized "a right not to be forced to the witness stand." *Id.*

As Mr. Karagounis has been repeatedly warned of potential criminal exposure by the United States, despite having never done anything improper, he must invoke the privilege unless the government is willing to immunize him to permit his testimony. Wherefore, it is respectfully requested that the Court quash the subpoena for trial testimony and release Mr. Karagounis from appearing.

Dated: April 3, 2023                    Respectfully submitted,

                                        /s/ Mark E. Schamel
                                        Mark E. Schamel (DC Bar No. 463965)
                                        Venable LLP
                                        600 Pennsylvania Ave. NW
                                        Washington, DC 20001
                                        Tel: (202) 344-4631
                                        Fax: (202) 344-8300
                                        Email: mschamel@venable.com

                                        *Counsel for Defendant Antonis Karagounis*

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2023, I caused a copy of the foregoing to be served on all counsel of record via CaseFileXpress.

/s/ *Mark E. Schamel*
Mark E. Schamel